```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA

                        Alexandria Division

KHINCEY NEVELL BARNES,        )
                              )
     Petitioner,              )
                              )
          v.                  )    Criminal Action No. 01cr250A
                              )    Civil Action No. 03cv1200A
UNITED STATES OF AMERICA,     )
                              )
     Respondent.              )
```

## M E M O R A N D U M   O P I N I O N

This matter comes before the Court on Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the Court will deny the motion.

### I. Background

On October 25, 2001, Petitioner Khincey Nevell Barnes was convicted, at his second trial, for aiding and abetting carjacking. His first trial, September 18 and 19, 2001, ended in a conviction for his co-defendant Dwayne Marquell Jones ("Mr. Jones") for conspiracy to commit carjacking, carjacking, use of a firearm during a crime of violence, possession of a firearm by a convicted felon, and interstate transportation of a stolen motor vehicle. However, the jury was unable to reach a unanimous verdict on two of the three charges against Petitioner, and acquitted him of the third, so a retrial was held on October 24

1

and 25, 2001. The second jury found Petitioner guilty of aiding and abetting carjacking. Petitioner appealed his conviction to the United States Court of Appeals for the Fourth Circuit, which affirmed his conviction on June 20, 2002. On September 17, 2003, Petitioner filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Petitioner alleges that he was denied effective assistance of counsel. This motion is currently before the Court.

## II. Standard of Review

Under 28 U.S.C. § 2255, a prisoner in federal custody may attack his sentence on four grounds: (1) that the sentence was imposed in violation of the Constitution or the laws of the United States; (2) that the court was without jurisdiction to impose the sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *see also Hill v. United States*, 368 U.S. 424, 426-27 (1962). To prevail under § 2255, the movant bears the burden of proof by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually

innocent.'" *United States v. Sanders*, 247 F.3d 139, 144 (4th Cir. 2001) (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998). The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel. *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999).

To prove that ineffective assistance of counsel violates the Sixth Amendment, a petitioner must satisfy a two-pronged test established by the Supreme Court in *Strickland v. Washington*. 466 U.S. 668, 687 (1984); *United States v. Terry,* 366 F.3d 312, 314 (4th Cir. 2004). Under the *Strickland* test, Defendant must show that: (1) counsel's representation fell short of an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland,* 466 U.S. at 687-94. If a petitioner fails to meet either requirement, his claim for ineffective assistance of counsel fails. *Strickland*, 466 U.S. at 697. Furthermore, if a petitioner fails to make a sufficient showing on one prong of the test, the Court is not obliged to address the other prong. *Id.* at 700.

### III. Analysis

Petitioner argues that he was denied the effective assistance of counsel in that his attorney (1) failed to

3

interview Petitioner's co-defendant before trial; (2) failed to use as impeachment evidence against the victim a law enforcement officer's report of the victim's statement; (3) failed to advise Petitioner that he should not testify at his trial; (4) failed to cite to Ninth Circuit cases addressing the specific intent element of carjacking during direct appeal to the Fourth Circuit Court of Appeals; and (5) committed multiple deficiencies and errors that cumulatively prejudiced Petitioner's case.

Petitioner's first claim is that his attorney failed to interview Petitioner's co-defendant, Mr. Jones, a potential witness in the trial, to determine whether he would be willing to testify. Petitioner claims that "there is a reasonable probability that Mr. Jones would have stated to counsel that he was willing to testify and would have, in fact, testified for [Petitioner]." Petr's Mot. to Vacate Sentence at 12. The question of Mr. Jones's testimony was considered by the Court during Petitioner's trial, where Mr. Jones's attorney represented that Mr. Jones would be taking the Fifth Amendment and would not be willing to testify. Petitioner's counsel's action in declining to seek an interview with Mr. Jones was consistent with the Virginia Rules of Professional Conduct, which state that "a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter." Va. Rules of Prof'l Conduct

4

4.2 (2007-2008). There is no evidence that Mr. Jones was willing to waive his Fifth Amendment rights to testify on Petitioner's behalf, and Petitioner's counsel acted properly in his decision not to approach Mr. Jones without his attorney's consent. Petitioner's counsel acted reasonably and appropriately in this regard.

Petitioner argues that his counsel failed to use Officer Woloszynowski's police report to impeach the victim's testimony, and that such failure was unreasonable and indicative of investigative failure. Counsel impeached the victim with his own prior inconsistent statements, although he did not use the officer's report. He did, however, question the victim as to his memory of the conversation with Woloszynowski, and the victim testified that he did not "remember what [he] told him regarding statements that Dwayne Jones made to [him] ... at the car." J. Dreyer Test., Trial Tr. 88:8-11, Oct. 24, 2001. Because the victim testified that he did not have any specific personal memory of the conversation with Woloszynowski, and because he further testified that he did not verify that the officer's report was an accurate representation of their conversation, *Id.* at 92:20-93:4, it appears that Petitioner's counsel made a reasonable decision not to introduce the officer's report at that time. Fed. R. Evid. 602. There is no evidence that Petitioner's counsel acted unreasonably in his questioning of Officer

5

Woloszynowski or that his questions signified a failure to make a reasonable investigation of the case.  In determining whether defense counsel's representation met the objective standard of reasonableness, the American Bar Association Standards for Criminal Justice states that

> decisions on what witnesses to call, whether and how to conduct cross-examination, what jurors to accept or strike, what trial motions should be made, and all other strategic and tactical decisions are the exclusive province of the lawyer after consultation with his client.

Standards Relating to the Defense Function, Rule 5.2.  *See also Yarborough v. Gentry,* 540 U.S. 1, 5-6 (2003); *Hunt v. Lee*, 291 F.3d 284, 289 (4th Cir. 2002) (counsel has wide latitude in deciding how to best represent a client, and courts must be highly deferential to counsel's trial strategy).  Petitioner has presented no evidence that his counsel acted unreasonably with regard to the tactical trial decisions or investigation made in regards to Officer Woloszynowski.

Petitioner claims that his counsel failed to advise him not to testify at trial.  Petitioner did not testify at his first trial, and thus was obviously aware that he was not required to testify.  In addition, the second trial unfolded differently from the first, reasonably changing his counsel's trial strategy. Testimony regarding Petitioner was given at the second trial that differed from that of the first, making it likely that competent

6

counsel would conclude that Petitioner should rebut it with his own testimony. A trial attorney receives significant deference for his trial strategy and advice to his client about whether or not he should testify. *See, e.g., United States v. Terry*, 366 F.3d 312, 315 (4th Cir. 2004); *Hunt v. Lee*, 291 F.3d 284, 289 (4th Cir. 2002). In particular, "the advice provided by a criminal defense lawyer on whether his client should testify is 'a paradigm of the type of tactical decision that cannot be challenged as evidence of ineffective assistance.'" *Carter v. Lee*, 283 F.3d 240, 249 (4th Cir. 2002) (quoting *Hutchins v. Garrison*, 724 F.2d 1425, 1436 (4th Cir. 1983). Petitioner was aware of his Fifth Amendment right not to testify but chose to do so voluntarily, and there were obvious reasons for a difference in counsel's tactical strategy between the two trials. Therefore, there is no showing that his counsel's representation fell short of an objective standard of reasonableness.

Petitioner also argues that his counsel failed to cite two Ninth Circuit cases, *United States v. Andrews*, 75 F.3d 552, 555 (9th Cir. 1996) and *United States v. Randolph*, 93 F.3d 656 (9th Cir. 1996), in his appeal to the Fourth Circuit. Ninth Circuit case law is not controlling in the Fourth Circuit. In addition, Petitioner's counsel's choice not to cite to *Randolph* was a good decision for his client, as the case was abrogated by the Supreme Court in *Holloway v. United States*, 526 U.S. 1, 5

(U.S. 1999), upholding a level of intent less than that found by the *Randolph* court. Counsel included controlling case law from the Fourth Circuit in his appeal which made similar arguments to those raised in the Ninth Circuit cases cited by Petitioner about the evidence required for an aiding and abetting conviction. In short, Petitioner is unable to demonstrate that, "but for his counsel's unreasonable failure ..., he would have prevailed on his appeal." *Smith v. Robbins*, 120 S. Ct. 746, 764 (U.S. 2000). There is no evidence that Petitioner's counsel acted unreasonably or that the inclusion of non-controlling case law would have changed the outcome of Petitioner's appeal.

Petitioner argues that his Counsel erred in failing to move to strike the testimony of the victim because of his untruthful testimony. The Fourth Circuit presumes that witnesses are competent to testify, and holds that "[t]he only permissible grounds for disqualifying a witness as incompetent are that the witness does not have knowledge of the matters about which he is to testify, that he does not have the capacity to recall, or that he does not understand the duty to testify truthfully." *United States v. Cassidy*, 48 Fed. Appx. 428, 445 (4th Cir. 2002) (citing *United States v. Odom*, 736 F.2d 104, 112 (4th Cir. 1984) and *United States v. Lightly*, 677 F.2d 1027, 1028 (4th Cir. 1982)) (internal quotations omitted); *see also* Fed. R. Evid. 601. Counsel thoroughly cross-examined the victim and impeached his

testimony with the statement he made to an investigating detective. Trial Tr. 86-88. There was no question as to whether the victim was competent at the trial, nor whether he understood the duty to testify truthfully. Impeachment of a witness with prior inconsistent statements, which counsel did in this case, allows the jury to weigh the truthfulness of the witness and judge his testimony accordingly. Petitioner's counsel did not act unreasonably by not moving to strike the victim's testimony.

According to Petitioner, his counsel erred in failing to raise a claim of violation of constitutional rights when the jury in his second trial was made up entirely of Caucasians. There is

> a three-step analysis for proving racial discrimination in jury selection. First, the party attacking the use of a peremptory challenge must make a prima facie showing that the opposing party employed the peremptory challenge on the basis of race. Once a prima facie case is established, the burden shifts to the opposing party to provide a racially neutral explanation for the use of the peremptory challenge. Finally, once a neutral justification is offered, the trial court must 'determine if the [party attacking the peremptory challenge] has established purposeful discrimination.'

*Taylor v. Molesky*, 63 Fed. Appx. 126, 129 (4th Cir. 2003) quoting *Batson v. Kentucky*, 476 U.S. 79 (U.S. 1986); *see also Howard v. Moore*, 131 F.3d 399, 407 (4th Cir. 1997). In this case, Petitioner has not offered any evidence that the jury selection involved racial discrimination. The mere fact that the final

9

jury was made up of all people of one race does not, in itself, provide evidence of racial discrimination.  The law requires that the person challenging the jury must "make a prima facie showing that the opposing party employed the peremptory challenge on the basis of race."  *Taylor*, 63 Fed. Appx. at 129.  No such discriminatory peremptory challenge has been alleged or established here.  There is no evidence that Petitioner's counsel acted objectively unreasonably by not making a *Batson* challenge regarding the make up of the jury.

Petitioner's final argument is that even if his counsel's allegedly deficient actions were not individually unreasonable, taken together they caused him prejudice.  He cites to *United States v. Russell*, 34 Fed. Appx. 927 (4th Cir. 2002) in support of his argument.  However, the Fourth Circuit held in that case that "it is not appropriate to consider the cumulative effect of attorney error when the individual claims of ineffective assistance do not violate the defendant's constitutional rights."  *Id.* (citing *Fisher v. Angelone*, 163 F.3d 835, 852 (4th Cir. 1988)).  Thus, this Court has considered the merit of each of Petitioner's claims of error individually.  Because there is no evidence that Petitioner has satisfied even the first *Strickland* prong on any of his claims, there is no evidence that there is any sort of cumulative effect which caused him prejudice.  No evidentiary hearing is necessary.

**IV. Conclusion**

For the foregoing reasons, Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be denied and dismissed.  An appropriate Order will issue.

October 25, 2007                              /s/
Alexandria, Virginia              James C. Cacheris
                        UNITED STATES DISTRICT COURT JUDGE